UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CARMEN CHACHA,

                            Plaintiff,

              -against-

NUEVA ERA FLOWER CORP., and
MARIA ROMERO, individually,

                          Defendants.

-----------------------------------------------------------------X

Case No.: 23-cv-0738

**COMPLAINT**

*Jury Trial Demanded*

      Plaintiff, by her attorneys, Bell Law Group, PLLC, as and for her Complaint against NUEVA ERA FLOWER CORP. ("the Corporation"), and MARIA ROMERO, individually (referred to collectively herein as "Defendants"), respectfully alleges upon knowledge as to herself and upon information and belief as to all other matters as follows:

## NATURE OF THE ACTION

      1.    This action is brought by Plaintiff pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") to seek redress against Defendants for systematic failure by Defendants to provide the required overtimes wages, as well as for the failure to provide accurate wage statements and wage theft prevention act notification in violation of the FLSA and NYLL.  Additionally, Plaintiff brings this action alleging that Defendants discriminated and retaliated against her because of, or at least motivated by, her disability in violation of the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL").

## JURISDICTION AND VENUE

2.　　This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3.　　This Court has supplemental jurisdiction of the claims arising under New York law pursuant to 28 U.S.C. § 1367, in that the New York claims are so closely related to Plaintiff's federal claims as to form the same case or controversy under Article III of the United States Constitution.

4.　　Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct significant business within this judicial district.

## PARTIES

5.　　At all relevant times, Plaintiff was and still is a resident of the County of Queens, State of New York.

6.　　At all relevant times, Plaintiff has been a covered employee within the meaning of the FLSA, 29 U.S.C. § 201, *et seq.* and NYLL, N.Y. Lab. Law § 190 *et seq.*

7.　　At all relevant times, Defendant Corporation was and still is a domestic corporation organized and existing under and by virtue of the laws of the State of New York.

8.　　At all relevant times, Defendant Corporation was and still is authorized to transact business in the State of New York, with a principal place of business and address registered for service of process located at 90-02 Roosevelt Avenue, Jackson Heights, New York 11372.

9.　　Defendant Romero was and still is in active control and management of Defendant Corporation, regulates the employment of persons employed by Defendant Corporation, acted directly and indirectly in the interest of Defendant Corporation in relation to the employees, and

is thus an employer of Plaintiff under the FLSA and NYLL

10.     Additionally, at all relevant times, Defendants have engaged in interstate commerce within the meaning of the FLSA, has employed at least two employees, and has had an annual dollar volume of sales or business done of at least $500,000

## FACTUAL BACKGROUND

11.     Plaintiff worked for Defendants - - a floral arrangement business and its day-to-day owner and operator - - as a non-exempt employee from October 2021 to April 5, 2022.

12.     While working for Defendants, Plaintiff performed various tasks at the shop, including but not limited to sweeping inside and outside the shop, taking out garbage, and cutting and arranging flowers.

13.     During her employment, Defendants required Plaintiff to work, and Plaintiff indeed did work, at least forty hours per week, yet failed to pay Plaintiff according to the NYLL-prescribed minimum wage for weekly hours worked up to forty, and similarly failed to pay her according to the FLSA and NYLL-required premium for weekly hours worked over forty.

14.     Throughout her employment, Defendants consistently required Plaintiff to work from 12 midnight to at least 10:00 a.m., six to seven days per week.

15.     For example, during the week beginning Sunday, March 27, 2022, Plaintiff worked each day from 12 midnight to 10:00 a.m.

16.     Worse yet, she would rarely be given any sort of break aside from a few instances of a brief time for breakfast.

17.     In exchange for her demanding work, Defendants paid Plaintiff far below the requirements set by the FLSA and the NYLL.

18.     For example, Plaintiff was paid only $120 per day, which falls below the minimum wage required by the NYLL.

19.     Further, Plaintiff was never paid overtime wages under the FLSA and the NYLL for hours worked over forty in a week, or an additional hour's rate of pay for her 10-hour shifts under the NYLL.

20.     To make matters worse, many times Plaintiff would only receive a fraction of these unlawful wages on payday and would receive the remaining amount at a later date.

21.     Plaintiff was required to sign a notebook listing her pay and hours - - often incorrectly - - in order to remain employed, despite those wages being unlawful and incomplete.

22.     Whenever Plaintiff had a question or objection to her wages, Defendant Romero would mention her immigration status - - implying a threat of reporting her to the authorities if she continued to protest.  Thus, Plaintiff was discriminated and/or retaliated against on the basis of her immigration status in response to her legally protect complaints regarding her wages, which were clearly unlawful.

23.     Defendants' discrimination would continue after Plaintiff was injured at work on April 5, 2022.

24.     On that day, Plaintiff needed a boost in order to clean some shelves.  With no other options provided by Defendants, Plaintiff was forced to use an upside-down plastic bucket normally used to store flowers.

25.     However, upon Plaintiff stepping onto the bucket it slid out from underneath her. Upon her fall, Plaintiff suffered injuries to her left arm, right leg, lower back, and head.

26.     The resulting injuries caused Plaintiff to be disabled and unable to work because her physical impairments, which prevented the exercise of her normal bodily functions, such as

walking, standing for extended periods of time, and carrying any items, prevented her from carrying out essential functions of her job.

27.     Since Plaintiff notified Defendants of her recovery, Defendants have refused to schedule Plaintiff for any shifts since her injury.  Thus, Defendants have effectively terminated Plaintiff's employment in retaliation for her injury suffered at work.

## AS AND FOR THE FIRST CAUSE OF ACTION
*Minimum wage owed pursuant to the NYLL*

28.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

29.     At all relevant times, Plaintiff was an employee and Defendants were employers within the meaning of NYLL §§ 190, 651 and 652.

30.     At all relevant times, Defendants were subject to the minimum wage provisions of Article 19 of the NYLL.

31.     Pursuant to NYLL § 652, Defendants were required to pay Plaintiff a minimum wage rate prescribed by the NYLL throughout her employment.

32.     Defendants have engaged in a pattern, practice, policy and/or common scheme of failing to pay Plaintiff the applicable minimum wage for any of the hours they required Plaintiff to work.

33.     Defendants have violated NYLL § 652 by failing to compensate Plaintiff the applicable minimum hourly wage.

34.     As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wage, Plaintiff has been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to NYLL §§ 198 and 663.

35.     Defendants willfully, knowingly, and intentionally failed, and continues to fail to compensate Plaintiff the required minimum wage.

36.     Defendants have not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff.

37.     Due to Defendants' intentional and willful failure to pay Plaintiff the applicable minimum wage, Plaintiff is entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL §§ 198 and 663.

### AS AND FOR THE SECOND CAUSE OF ACTION
*Unpaid overtime wages owed pursuant to the FLSA*

38.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

39.     At all relevant times, Plaintiff was an "employee" of the Defendants within the meaning of 29 U.S.C. § 203(e).

40.     At all relevant times, Defendants were an "employer(s)" and employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

41.     At all relevant times, Defendants were subject to the overtime wage requirements set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*.

42.     Pursuant to FLSA, 29 U.S.C. § 201 *et seq*., non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

43.     Plaintiff was entitled to be paid one and one-half of her regular hourly rate for any hours worked in excess of forty (40) hours in any workweek.

44.     Defendants required Plaintiff to work more than forty (40) hours a week, and Plaintiff regularly worked more than forty (40) hours a week throughout their employment.

6

45.     At no time during her employment has Plaintiff been paid by Defendants at a rate of one and one-half times the minimum wage rate and/or Plaintiff's hourly rate of pay for all of the hours Plaintiff worked in excess of forty (40) hours per week.

46.     Defendants willfully, knowingly, and intentionally did not compensate Plaintiff for overtime at a rate of one and one-half times Plaintiff's hourly rate of pay for all of the hours Plaintiff worked in excess of forty (40) hours per week.

47.     As a result of Defendants' violations of the law and failures to pay Plaintiff the required overtime wages, Plaintiff has been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).

48.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR THE THIRD CAUSE OF ACTION
*Unpaid overtime wages owed pursuant to the NYLL*

49.     Plaintiff hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

50.     At all relevant times, Plaintiff was an "employee" of the Defendants within the meaning of the NYLL.

51.     At all relevant times, Defendants were an "employer(s)" and employed Plaintiff within the meaning of the NYLL.

52.     At all relevant times, Defendants were subject to the overtime wage requirements set forth in Article 19 of the NYLL.

53.     Pursuant to NYLL § 650 *et seq.* and 12 NYCRR 142-2.2, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

54.     Plaintiff was entitled to be paid one and one-half times his regular rate for any hours worked in excess of forty (40) in any workweek.

55.     Defendants required Plaintiff to work more than forty (40) hours a week, and Plaintiff worked more than forty (40) hours a week throughout his employment.

56.     Defendants regularly failed to pay Plaintiff at a rate of one and one-half times his regular hourly rate of pay for all of the hours worked in excess of forty (40) hours per week.

57.     Defendants willfully, knowingly, and intentionally did not compensate Plaintiff for overtime at a rate of one and one-half times their hourly rate of pay for all of the hours he worked in excess of forty (40) hours per week.

58.     As a result of Defendants' violations of the law and failures to pay Plaintiff required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to NYLL § 198 and 12 NYCRR § 142-2.2.

59.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL§ 198.

### AS AND FOR THE FOURTH CAUSE OF ACTION
*Wage Statements Violation under NYLL § 195(3)*

60.     Plaintiff hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

61.     At all relevant times, Plaintiff was an "employee" of the Defendants within the meaning of the NYLL.

62.     At all relevant times, Defendants were an "employer(s)" and employed Plaintiff within the meaning of the NYLL.

63.     Pursuant to NYLL § 195(3), employers are required to furnish accurate wage statements to their employees with every payment of wages.

64.     Defendants failed to furnish accurate wage statements to Plaintiff in violation of NYLL § 195(3) by, *inter alia*, failing to provide Plaintiff with accurate statements of his full wages, hours worked, regular rate of pay, overtime rate of pay or other information required by NYLL § 195(3).

65.     The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

66.     As Defendants failed to provide proper wage payment statements under NYLL 195(3), Plaintiff is entitled to liquidated damages of $250.00 for each day that such violations occurred, up to a total of $5,000, together with attorneys' fees, costs, and interest.

### AS AND FOR THE FIFTH CAUSE OF ACTION
*Wage Theft Prevention Act Notification Violation under NYLL § 195(1)*

67.     Plaintiff hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

68.     At all relevant times, Plaintiff was an "employee" of the Defendants within the meaning of the NYLL.

69.     At all relevant times, Defendants were an "employer(s)" and employed Plaintiff within the meaning of the NYLL.

70.     NYLL § 195(1) requires employers to furnish employees at the time of hiring, a notice of the rate or rates of pay and basis thereof, the name of the employer, any doing business as names and the main office or principal place of business.

71.     Defendants failed to furnish such a statement to Plaintiff in violation of NYLL § 195(1) by, *inter alia*, failing to provide Plaintiff at the time of hiring with an accurate statement of Plaintiff's regular rate of pay, the basis thereof, and other information required by NYLL § 195(1).

72.     The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

73.     As Defendants failed to provide Plaintiff with a proper notice under NYLL 195(1), Plaintiff is entitled to liquidated damages of $50.00 for each day that such violations continued, up to a total of $5,000.00, together with all reasonable attorneys' fees, costs, and interest.

<u>AS AND FOR A SIXTH CAUSE OF ACTION</u>
*Unlawful discrimination pursuant to the NYSHRL*

74.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint as if set forth fully herein.

75.     At all relevant times, Plaintiff was an "employee" pursuant to the NYSHRL.

76.     At all relevant times, Defendants were individually and collectively "employer(s)" pursuant to the NYSHRL.

77.     Pursuant to the NYSHRL, it is unlawful for an employer to discriminate against an employee on the basis of her disability, which is a protected class under the NYSHRL.

78.     Plaintiff was qualified for the position she held while working for Defendants.

79.     Defendants discriminated against Plaintiff by subjecting her to inferior terms, conditions, and/or privileges of employment because of her membership in a protected class.

80.     Plaintiff suffered adverse employment action(s).

81.     The adverse employment(s) action occurred under circumstances giving rise to an inference of discrimination.

82.     By the acts and practices described herein, Defendants discriminated against Plaintiff on the basis of her disability in violation of the NYSHRL.

83.     Defendants acted intentionally and with malice and/or reckless indifference to Plaintiff's rights under the NYSHRL.

84.     Plaintiff has suffered and will continue to suffer irreparable injury, including but not limited to, monetary damages, mental anguish, emotional distress, humiliation, harm to his personal reputation, and other compensable damages as a result of Defendants' discriminatory practices.

## AS AND FOR A SEVENTH CAUSE OF ACTION
*Unlawful discrimination pursuant to the NYCHRL*

85.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint as if set forth fully herein.

86.     At all relevant times, Plaintiff was an "employee" pursuant to the NYCHRL.

87.     At all relevant times, Defendants were individually and collectively "employer(s)" pursuant to the NYSHRL.

88.     Pursuant to the NYCHRL, it is unlawful for an employer to discriminate against an employee on the basis of her disability, which is a protected class under the NYCHRL.

89.     Plaintiff was qualified for the position she held while working for Defendants.

90.     Defendants discriminated against Plaintiff by subjecting her to inferior terms, conditions, and/or privileges of employment because of her membership in a protected class.

91.     Plaintiff suffered adverse employment action(s).

92.     The adverse employment(s) action occurred under circumstances giving rise to an

inference of discrimination.

93.    By the acts and practices described herein, Defendants discriminated against Plaintiff on the basis of her disability in violation of the NYCHRL.

94.    Defendants acted intentionally and with malice and/or reckless indifference to Plaintiff's rights under the NYCHRL.

95.    Plaintiff has suffered and will continue to suffer irreparable injury, including but not limited to, monetary damages, mental anguish, emotional distress, humiliation, harm to his personal reputation, and other compensable damages as a result of Defendants' discriminatory practices.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
*Unlawful retaliation pursuant to the NYSHRL*

96.    Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint as if set forth fully herein.

97.    At all relevant times, Plaintiff was an "employee" pursuant to the NYSHRL.

98.    At all relevant times, Defendants were individually and collectively "employer(s)" pursuant to the NYSHRL.

99.    Pursuant to the NYSHRL, it is unlawful for an employer to retaliate against an employee on the basis of his protected activity.

100.    Through Plaintiff's complaints and objections to Defendants cited herein, Plaintiff engaged in protected activity under the NYSHRL.

101.    Defendants were aware of Plaintiff's protected activity.

102.    Plaintiff suffered adverse employment action(s).

103.    Plaintiff suffered adverse employment action(s) based upon his protected activity.

104.    There was a causal connection between Plaintiff's protected activity and the

adverse employment action(s) suffered by Plaintiff.

105.    Therefore, Defendants retaliated against Plaintiff in violation of the NYSHRL.

106.    Plaintiff has suffered and will continue to suffer irreparable injury, including but not limited to, monetary damages, mental anguish, emotional distress, humiliation, harm to his personal reputation, and other compensable damages as a result of Defendants' discriminatory practices.

## AS AND FOR A NINTH CAUSE OF ACTION
*Unlawful retaliation pursuant to the NYCHRL*

107.    Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint as if set forth fully herein.

108.    At all relevant times, Plaintiff was an "employee" pursuant to the NYCHRL.

109.    At all relevant times, Defendants were individually and collectively "employer(s)" pursuant to the NYCHRL.

110.    Pursuant to the NYCHRL, it is unlawful for an employer to retaliate against an employee on the basis of his protected activity.

111.    Through Plaintiff's complaints and objections to Defendants cited herein, Plaintiff engaged in protected activity under the NYCHRL.

112.    Defendants were aware of Plaintiff's protected activity.

113.    Plaintiff suffered adverse employment action(s).

114.    Plaintiff suffered adverse employment action(s) based upon his protected activity.

115.    There was a causal connection between Plaintiff's protected activity and the adverse employment action(s) suffered by Plaintiff.

116.    Therefore, Defendants retaliated against Plaintiff in violation of the NYCHRL.

117.    Plaintiff has suffered and will continue to suffer irreparable injury, including but

not limited to, monetary damages, mental anguish, emotional distress, humiliation, harm to his personal reputation, and other compensable damages as a result of Defendants' discriminatory practice.

## AS AND FOR A TENTH CAUSE OF ACTION
*Unlawful retaliation pursuant to the NYLL*

118.    Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint as if set forth fully herein.

119.    Plaintiff engaged in protected activity under the NYLL when she complained/objected to the unlawful compensation paid to her by Defendants.

120.    After Plaintiff's complaint/objection, Defendants refused to permit Plaintiff to return to work upon her recovery from her injury.

121.    Defendants' actions constitute unlawful retaliation under the NYLL § 215.

122.    As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff is entitled to damages in an amount to be determined at trial.

## JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues of fact and damages.


Dated: Syosset, New York
       January 27, 2023

                                          Respectfully Submitted,

                                          BELL LAW GROUP, PLLC


                                   By:    /s/ Frank J. Tantone_____
                                          Frank J. Tantone, Esq.
                                          116 Jackson Avenue
                                          Syosset, New York 11791
                                          ft@belllg.com
                                          Tel.: (516) 280-3008